RECEIVED
AUG 1 5 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| PETER C. SCHEXNAYDER | CIVIL ACTION NO. 06-0987 |
| VERSUS | JUDGE DOHERTY |
| ARIES MARINE CORP. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment filed by defendant Aries Marine Corporation [Doc. 21]. In its motion, Aries Marine argues the plaintiff is not an "eligible employee" under the Family Medical Leave Act ("FMLA") because he was assigned to a worksite in which Aries Marine employed less than 50 people within 75 miles of that worksite. Aries Marine also seeks partial summary judgment dismissing plaintiff's claims for lost wages on grounds plaintiff did not lose any wages as a result of Aries Marine's alleged FMLA violation.

The motion is opposed by plaintiff [Doc. 23], and Aries Marine has filed a reply brief [Doc. 28]. For the following reasons, the motion is DENIED.

**I. "Eligible Employee" Status Under the FMLA**

The FMLA entitles eligible employees of covered employers to take up to twelve weeks of unpaid, job-protected leave each year due to, *inter alia*, the birth or adoption of a child, to care for a family member, or because of a serious health condition. 29 U.S.C. §2612(a)(1). The term "eligible employee" does not include:

> any employee of any employer who is employed at a worksite at which the employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. §2611(2)(B)(ii).[1] The foregoing provision is called the "50-75" rule.

Pursuant to the provisions of the FMLA, the Department of Labor has prescribed such regulations as are necessary to carry out the FMLA. 29 U.S.C. §2654. Pursuant to the regulations, where a worker has no fixed worksite, the regulations define the worksite as the site assigned as the worker's home base, the site from which his or her work is assigned, or the site to which he or she reports. *See* 29 C.F.R. §825.111(a)(2).

In the instant case, Aries Marine argues the plaintiff was assigned to the M/V Calvin Bayne on the date he requested leave, and that the M/V Calvin Bayne was assigned to the Port of Cameron, Louisiana on that date. Aries Marine contends the Port of Cameron is plaintiff's "worksite" and that, because Aries Marine employs less than 50 people within 75 miles of the Port of Cameron, the plaintiff is not an eligible employee under the FMLA. As such, Aries Marine argues plaintiff's claims should be dismissed.

Plaintiff responds that he was actually assigned to the M/V Allison on the date he requested leave, and that the M/V Allison worked out of the ports of Cameron, New Iberia, and Freshwater City. Plaintiff argues his vessel's port site changed from work-shift to work-shift, but that the location from which plaintiff's work was assigned – Aries Marine's Youngsville, Louisiana office – did *not* change. Plaintiff argues the Youngsville office is his worksite. Significantly, plaintiff does

---

[1] 29 U.S.C. 2611(2)(B)(ii) states the following:

> (B) Exclusions
> The term "eligible employee" does not include—
> (ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

*See also* **Bellum v. PCE Constructors**, 407 F.3d 734, 739-740 (5th Cir. 2005)(holding that the 75 miles is measured in surface miles, not as the crow flies.).

not allege Aries Marine employs more than 50 people within 75 miles of the Youngsville office, which would be critical evidence demonstrating plaintiff could be an eligible employee under the FMLA.

At first blush, there appears to be an issue of disputed fact regarding whether the plaintiff was actually assigned to the M/V Calvin Bayne or the M/V Allison. Aries Marine attempts to show there is no disputed factual issue regarding the vessel to which plaintiff was assigned by stating the plaintiff had been "reassigned from the M/V Allison to the M/V Calvin Bayne." Aries Marine further argues the plaintiff could not have been assigned to the M/V Allison on the date he was discharged – June 23, 2005 – because the M/V Allison did not make crew changes on Thursdays, and June 23, 2005 was a Thursday. Rather, the M/V Allison held crew changes on Wednesdays. In support of this argument, Aries Marine attaches the June 21, 2005 and June 22, 2005 "Daily Vessel Logs" for the M/V Allison. The fact that the crew names are different on June 22, 2005 is proferred by Aries Marine to show the M/V Allison does, indeed, make crew changes on Wednesdays. Also provided is the June 23, 2005 "Daily Vessel Log" for the M/V Calvin Bayne, which contains the notation "Crew Change 0600." Plaintiff's name is not on the log.

While this Court could, potentially, conclude there are no disputed facts regarding the vessel to which plaintiff was assigned on the date he requested leave, the fact that plaintiff was re-assigned from one vessel to another at all points up certain critical questions for this Court: Was the plaintiff permanently assigned to any vessel? Why was the plaintiff re-assigned to the M/V Allison on the date he was terminated? How long did plaintiff typically work aboard any one vessel? Indeed, Aries Marine argues plaintiff had been assigned to the M/V Allison from January 2005 until the date he was terminated. If plaintiff were assigned to a vessel for six months at a time and then re-assigned,

it appears doubtful plaintiff would be determined to be permanently assigned to any one vessel for purposes of his "worksite."[2] The foregoing are questions with no answers, as Aries Marine has not provided this Court with sufficient information to make such determinations. For his part, plaintiff has not established that, even if this Court were to determine that the plaintiff's "worksite" is the Youngsville office, he would be an eligible employee under the FMLA, as plaintiff has provided no evidence concerning whether Aries Marine employs more than 50 people within 75 miles of the Youngsville office and that the act applies to companies such as Aries Marine.

For the foregoing reasons, the defendant's Motion for Summary Judgment seeking dismissal of plaintiff's claims on grounds plaintiff is not an eligible employee under the FMLA is DENIED for the failure of both parties to carry their burden.

## II. Lost Wages

As the parties have not provided this Court with sufficient information to determine whether the plaintiff is an eligible employee under the FMLA, Aries Marine's motion for partial summary judgment seeking dismissal of plaintiff's claims for lost wages on grounds plaintiff did not lose any wages as a result of Aries Marine's alleged FMLA violation is DENIED AS PREMATURE. Once this Court determines whether the FMLA applies to the plaintiff, the Court will be able to determine whether plaintiff has properly pled a claim for lost wages under the FMLA.

Finally, this Court notes the foregoing issues are *issues of law* that should be resolved by this Court before a trial of this matter. The Court notes the dispositive motion deadline has not yet

---

[2] This Court was not provided with the vessel logs spanning plaintiff's employment with Aries Marine, which would indicate whether plaintiff has ever been permanently assigned to any vessel in Aries Marine's fleet and, generally, the length of plaintiff's assignments on Aries Marine vessels.

passed, and Aries Marine is free to re-urge the instant motion for summary judgment, with sufficient evidentiary support for such motion, prior to the dispositive motion deadline.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___15___ day of August, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE